**UNITED STATES v. F. & F. LUNCH ROOM,**
**Inc., et al.**
**No. 154.**

Circuit Court of Appeals, Second Circuit.
February 3, 1930.

Anthony J. Romagna, of New York City (Sanford H. Cohen, of New York City, of counsel), for appellants Cecelia Realty Co., Inc., and Martera.

Deiches, Greenebaum & Levy, of New York City (Maurice Deiches and Elwood G. Feldstein, both of New York City, of counsel), for appellant Coe.

Arthur H. Schwartz, Asst. U. S. Atty.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM. This record as it stands would require a dismissal of the appeals. It contains no reference to any petition to appeal, order allowing appeal, citation, or appeal bond. There is no showing whatever of appellate jurisdiction. But an examination of the records of the District Court discloses that the appeals were properly taken. Consequently we disregard these defects in the transcript, and the matter is mentioned merely as a warning that commendable efforts to abbreviate records should not be carried to the extreme of omitting all showing of jurisdiction.

The United States confesses error as to so much of the decree as granted a personal injunction against Cecelia Realty Company, Inc., and Richard D. Martera. In this respect the decree will be reversed.

The dismissal of the cross-bill was correct. The only violations proved were committed by a subtenant on March 1 and 3, 1928. The only knowledge of them brought home to the lessees was the telephone conversation between Coe's agent and Martera on March 19th. Although Martera went to the building daily, it was not shown that he did see or should have seen anything to put him on suspicion that liquor was being sold in the rooms in question, or that after the agent's notice he failed to take steps to remedy the situation. Such scanty proof as this record discloses would not justify a forfeiture of the lease. See United States v. Smail (C. C. A.) 24 F.(2d) 786.

The decree is modified in respect to the injunction against Cecelia Realty Company, Inc., and Richard D. Martera, and in other respects is affirmed.